Muse v. Swayne.

G. W. MUSE v. C. R. SWAYNE.

2L 251
116 728

CONTRACT. *Measure of damages.* A grocery-keeper sold out his stock and bound himself to the purchaser in a penalty of $500, not to engage in business again in the same town, or rent his house for the purpose, for ten months, and violated his agreement. Held, that the measure of damages was $500, as otherwise it would be impossible to ascertain the damages, and upon the facts of the cause it does not appear unconscionable for the plaintiff to recover this sum.

FROM CARROLL.

Appeal in error from the Circuit Court of Carroll county. J. R. HAWKINS, J.

I. R. &. S. W. HAWKINS for Muse.

M. D. CARDWELL and W. S. STEPHENS for Swayne.

MCFARLAND, J., delivered the opinion of the court.

Muse sold out to Swayne his stock of liquors, etc., in the town of McKenzie, and agreed not to engage in the business himself, or rent his house for the purpose, for ten months. He violated this agreement, and this action is upon his bond, and the question is, whether Swayne is entitled to recover the amount specified as the penalty of the bond, or only such damages as he actually sustained.

The bond is substantially as follows: "I, George W. Muse, for the consideration of eight hundred dollars, am held and firmly bound to C. R. Swayne, in the penal sum of five hundred dollars, to be void on

condition the said Muse shall not to his own account sell, vend or deal in whiskies or such articles as are usually kept in a tippling house, in the town of Mc-Kenzie, for a space of ten months. Nor shall said Muse rent or lease his grocery house in the town of McKenzie, known as the "Farmer's Exchange," for the purposes of a saloon, or permit the same to be so used for a like term."

Whether the sum specified in such case shall be treated as liquidated damages, or as a penalty to secure actual damages, depends upon the intention of the parties, to be gathered from the bond and the nature of the transaction, and in all doubtful cases it is to be regarded as a penalty. The fact that the sum is specified in the bond as "liquidated damages or as a penalty," is to be considered, but is not conclusive either way.

The controlling consideration in a case like this, seems to be, that it would be difficult, if not impossible, to ascertain the damages actually sustained by the plaintiff, by reason of the defendant's violation of the terms of the obligation.

What damage the plaintiff suffered by the defendant's again entering into business in the town of Mc-Kenzie, or renting his house for the purpose, within ten months, would be a question in the highest degree speculative and uncertain. So that the sum specified in the bond must be regarded as the damages, when not unconscionable and unreasonable in itself, as otherwise no measure of recovery could be fixed upon.

Such seems to be the result of the authorities, Eng-

Muse *v.* Swayne.

lish and American, as collected by Mr. Field, in his work on the Law of Damages, sections 142 and 143. Section 155, an English case cited by the author, is precisely parallel. Where the defendant contracted not to practice as a surgeon or apothecary within seven miles of a certain place under a penalty of £500. The sum was held to be liquidated damages, for the reason already indicated.

Another consideration is, that the bond specified only two alternatives; that is, not to engage in the business or rent his house for the purpose, or pay the $500. There is no stipulation that he may, in case he violate the agreement, pay the damages sustained, in discharge of the penalty of his bond.

We are not aware of any decision of this court that has been adverse to this view.

It does not seem unreasonable or unconscionable to allow the plaintiff to recover the full sum in this case. According to the proof, he gave the defendant $800 for a stock of liquors worth a little more than half the sum, with the stipulations referred to, which were violated in both particulars very soon afterwards.

Judgment affirmed.